UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JASMINE JOHNSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Case No. 4:24-cv-783-O |
| § | |
| NATIONSTAR MORTGAGE, LLC DBA § | |
| MR. COOPER, § | |
| § | |
| Defendant. § | |

## ORDER

Before the Court are Defendant's Motion to Dismiss (ECF No. 5) and Plaintiff's Response (ECF No. 6). The Court **GRANTS** the motion.

### I.   PROCEDURAL BACKGROUND

Plaintiff sued Defendant in state court alleging Defendant violated the Texas Property Code, committed a negligent undertaking, and violated the Real Estate Settlement Procedures Act ("RESPA"). Defendant removed the case and now moves to dismiss all these claims, contending Plaintiff has failed to state claims for relief.

### II.   FACTUAL BACKGROUND[1]

As a basis for these claims, Plaintiff alleges she inherited the real property at issue in this lawsuit after the passing of her father. Before his passing, her father executed a promissory note and deed of trust secured by the property. Plaintiff alleges Defendant is the current servicer of the note executed by her father. Plaintiff contends while she has been seeking a loan modification of her father's note, she learned Defendant posted the property for foreclosure, and Defendant failed

---

[1] All facts are taken from Plaintiff's Amended Complaint (ECF No. 11) and are assumed to be true at this stage of the proceedings. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

to provide proper notice of foreclosure. She also alleges her request for a loan modification has never been resolved. Plaintiff filed this suit to enjoin the foreclosure sale.

Defendant argues Plaintiff has failed to state claims for relief. Defendant asserts that Plaintiff, as a non-party to the promissory note, cannot complain Defendant failed to provide her pre-foreclosure notices required by the Texas Property Code. Defendant also contends Plaintiff's negligent undertaking claim is wholly conclusory and that Plaintiff cannot pursue a RESPA claim because she is not a borrower obligated on the promissory note. For all these reasons, Defendant argues Plaintiff has failed to state any claims for relief.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief may be granted."

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court may not accept legal conclusions as true, and only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When well-pleaded factual allegations are present, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007). A court may also consider documents that a defendant attaches to a motion to dismiss if plaintiff's complaint refers to them and they are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

### IV.   ANALYSIS

#### A.   Texas Property Code

Plaintiff contends Defendant failed to provide her the notices required by section 51.002 of the Texas Property Code regarding her father's loan and its intent to foreclose on the property. This claim fails as a matter of law based on Plaintiff's pleading because this Texas Property Code section only protects a debtor, that is, someone obligated on the debt. *Garza v. Wells Fargo Bank, N.A.*, 632 Fed. App'x 222, 224 (5th Cir. 2016). According to her pleading, the only obligor on the

promissory note is Plaintiff's father. As Plaintiff is not on the promissory note, she has failed to state a claim for relief under this section of the Texas Property Code.

### B. Negligent Undertaking

Plaintiff fails to allege facts supporting her negligent undertaking claim. Under this section of her live pleading, Plaintiff sets forth no facts to support her claim. She simply set out the elements of this claim and alleged in a conclusory fashion that Defendant harmed her. Bare-boned, conclusory, unadorned "the-defendant-unlawfully-harmed-me accusations" insufficiently state a claim. *Iqbal*, 556 U.S. at 678–79. Neither do any of the background facts incorporated into this section contain factual content that allows a reasonable inference that the Defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663. Tellingly, Plaintiff's response does not even attempt to explain how those facts support this claim.

### C. RESPA

Plaintiff's final claim alleges Defendant violated RESPA, which provides that a loan servicer may not foreclose on property after receiving a completed loss mitigation application from a borrower. *Spraggins v. Caliber Home Loans, Inc.*, 2020 WL 8366645 (N.D. Tex. Dec. 31, 2020). But this RESPA requirement may only be enforced by a borrower. *Hobbs v. Nationstar Mortgage LLC*, 2018 WL 6305594, (N.D. Tex. Dec. 3, 2018). As Plaintiff has alleged her deceased father was the borrower, and has not alleged she is a borrower, she cannot pursue a RESPA claim.

### D. Leave to Amend

Finally, Plaintiff seeks leave to amend should the Court conclude she fails to state a claim. If a plaintiff's pleadings are deficient under Rule 12(b)(6), a district court should "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). Rule 15(a) "evinces a bias in favor of granting leave to amend." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566

4

(5th Cir. 2002). But leave to amend is not automatic. *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003). To obtain leave to amend, a party must provide at least some notice and specificity of what the amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). Failure to provide a copy of the proposed amended complaint or explain how the defects could be cured means a plaintiff has not carried her burden to obtain leave to amend. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs "failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment"). At a minimum, a plaintiff must set forth with particularity the grounds for an amendment. "[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought" is insufficient. *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).

Plaintiff has not carried her burden to justify leave to amend. First, she provided only a superficial response to the substance of Defendant's Motion to Dismiss, providing very little case law and not seriously addressing Defendant's legal arguments. And then, she makes only a bare-boned cursory request to amend, providing no particularity as to what she would add. *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254–55 (5th Cir. 2003) (affirming denial of motion for leave to amend where the request stated simply: "Should this Court find that the Complaint is insufficient in any way, however, plaintiffs respectfully request leave to amend."). Accordingly, Plaintiff's request for leave to amend is **DENIED**.

## V. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss is **GRANTED.** Plaintiff's claims against Defendant are **DISMISSED with prejudice**.

**SO ORDERED** on this **8th day of January, 2025**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE